FILED

MAR 10 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16CR0461 GPC |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | Title 18 U.S.C. Section 1956(h) – Conspiracy to Launder Monetary Instruments; Title 18 U.S.C. Section 982 – Criminal Forfeiture |
| ADAM HOPKINS, | |
| Defendant. | |

The United States charges:

**INTRODUCTORY ALLEGATIONS**

1. Defendant Adam HOPKINS served as the Chief Financial Officer of Lahar Mfg, Inc. ("Lahar"), which was headquartered in Newport Beach, California. Lahar, operating under the business name Puretane, was the first and largest domestic manufacturer and distributor of butane specifically designed for use in the manufacture of butane hash oil.

2. Butane hash oil ("BHO") is a marijuana concentrate similar in appearance to honey or butter. BHO contains extremely high levels of Tetrahydrocannabinol ("THC") and can be up to four times more potent than high grade marijuana.

3. BHO is commonly manufactured by introducing butane into a metal or glass pipe stuffed with marijuana plant material. Acting as a solvent, the butane extracts THC from the plant material. The butane and THC pass through a filter and collect in a receptacle below the pipe. The butane then evaporates from the receptacle, often with the assistance of a heat source.

4. Butane is odorless, colorless, and highly flammable. As a result of these characteristics, manufacturing hash oil using butane can lead to fires and explosions. In 2015, there were 33 reported fires and explosions that occurred during the manufacture of BHO in California.

5. These incidents have been reported in other areas of the country. For example, a 2014 news article reported that Butane-fueled blasts sent 17 people to a Portland burn unit with serious injuries in the past 16 months, including one Northeast Portland man who later died from his injuries and a 12-year-old girl who suffered multiple broken bones after leaping from a second floor apartment building rocked by a butane explosion. A 2015 news article reported that at two Northern California burn treatment centers, injuries from BHO explosions accounted for eight to ten percent of severe burn cases, which represents a larger percentage than from car wrecks and house fires combined.

6. Puretane sold its Puretane-branded butane in 300 ml canisters for approximately $4-5 per canister to retailers throughout the United States, including to at least twenty-five retailers in San Diego County such as Raw Smokeshop, Dr. Green's Ink, and Holy Smoke. From February 2015 to August 2015, Puretane sold at least 400,000 canisters of butane to retailers.

7. Puretane marketed its butane for use in the manufacture of BHO. For example, in January 2015, Puretane hosted a contest, in which it offered a case of Puretane butane to the contestant who could manufacture the highest quality BHO. Puretane advertised this contest via social media outlets such as Facebook, Instagram, and Twitter.

8. Puretane advertised its product in various BHO industry print and internet publications, such as Dabs Magazine, GrassCity, 420 Magazine, and THC Farmer. In October 2014, High Times, a drug culture magazine, featured an article describing Puretane's butane as "designed specifically for the needs of BHO makers." The article quoted Defendant as saying "we've been real happy with the clean taste of the BHO [Puretane butane] produces." Puretane posted a link to the High Times article on its website and social media accounts.

### Count 1

18 U.S.C. § 1956(h)

**CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS**

9. Paragraphs 1 through 8 of the Introductory Allegations are realleged and incorporated by reference.

10. From on or about January 2014 through August 2015, in the Southern District of California and elsewhere, defendant Adam HOPKINS and Michael Tandberg (charged elsewhere) did knowingly conspire and agree with each other to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

a. to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce,

3

which involved the proceeds of a specified unlawful activity, that is the sale of drug paraphernalia, with the intent to promote the carrying on of specified unlawful activity, that is the sale of drug paraphernalia, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(h).

**FORFEITURE ALLEGATION**

9. As a result of the commission of the Offense alleged in Count 1, and pursuant to Title 18, United States Code, Section 982(a)(1), defendant Adam HOPKINS shall, upon conviction, forfeit to the United States all rights, title and interest in any and all property involved in such offense, and any property traceable to such property, including but not limited to: JP Morgan Chase Bank Accounts: -8845 in the name of Lahar Manufacturing; -3167 in the name of Adam HOPKINS; -8234 in the name of Adam HOPKINS; -3010 in the name of Michael Eric Tandberg; -3167 in the name of Michael Eric Tandberg; and -9239 in the name of Michael Eric Tandberg; approximately 5,760 300 ml cans of Puretane butane; and approximately 60,768 300 ml bottles of Puretane butane. All in violation of Title 18, United States Code, Section 982.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendants -
(1)  cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the said property listed above as being subject to forfeiture.

LAURA E. DUFFY
United States Attorney

3/10/16
DATED

ANDREW J. GALVIN
Assistant U.S. Attorney